CRULL and another, Plaintiffs and Respondents, v. PRE-
FERRED RISK MUTUAL INSURANCE COMPANY and
another, Defendants and Appellants: WISCONSIN
MUTUAL INSURANCE COMPANY, Impleaded Defend-
ant and Respondent.

*October 4—October 31, 1967.*

For the appellants there was a brief and oral argument by *Crosby H. Summers* of Janesville.

For the respondents there was a brief by *Berg & Gage* of Janesville, and oral argument by *Louis D. Gage.*

HANSEN, J. The trial court concluded that the photographs and negatives were part of the work product of the attorney and therefore not available to appellant under the provisions of sec. 269.57 (1), Stats.[1]

---

[1] "269.57 **Inspection of documents and property; physical examination of claimant.** (1) The court, or a judge thereof, may, upon due notice and cause shown, order either party to give to the other, within a specified time, an inspection of property or inspection and copy or permission to take a copy of any books and documents in his possession or under his control containing evidence relating to the action or special proceeding and may require the deposit

We point out that the decision of this court in *State ex rel. Dudek v. Circuit Court* (1967), 34 Wis. 2d 559, 150 N. W. 2d 387, in which Mr. Justice BEILFUSS thoroughly analyzes the relationship between attorney's work product privilege and discovery and inspective procedures, was not available to the trial judge and counsel at the time this matter was heard and that had the *Dudek, supra,* decision been available at that time a different result would probably have been reached.

This court in *Dudek, supra* (p. 589), citing the landmark case of *Hickman v. Taylor* (1947), 329 U. S. 495, 67 Sup. Ct. 385, 91 L. Ed. 451, concluded that:

". . . a lawyer's work product consists of the information he has assembled and the mental impressions, the legal theories and strategies that he has pursued or adopted as derived from interviews, statements, memoranda, correspondence, briefs, legal and factual research, mental impressions, personal beliefs, and other tangible or intangible means.

"This broad definition of lawyer's work product requires that most materials, information, mental impressions and strategies collected and adopted by a lawyer after retainer in preparation of litigation and relevant to the possible issues be initially classified as work product of the lawyer and not subject to inspection or discovery unless good cause for discovery is shown."

It follows that from the particular fact situation in the instant case, the photographs and negatives in question, initially would properly be considered as a lawyer's work product as defined in *Dudek, supra,* as they constitute information relevant to possible issues, assembled by the attorney after retainer and in preparation of litigation.

Essentially, *Dudek, supra,* is founded upon *Hickman v. Taylor, supra,* and in discussing the privileged pro-

of the books or documents with the clerk and may require their production at the trial. If compliance with the order be refused, the court may exclude the paper from being given in evidence or punish the party refusing, or both."

tection of the attorney's work product, this court stated (p. 591):

"For these reasons we hold that the work product of the lawyer usually is privileged and not subject to discovery except where the objectives of pretrial discovery are unnecessarily frustrated and where good cause is shown to make exception to the rule.

"Keeping in mind the reasons for the privilege, good cause sufficient to warrant an exception must be based upon necessity, prejudice, injustice or hardship. This means that *once a matter is classified as work product the court will require the party moving for discovery to make an adequate showing that the information contained in the work product is unavailable from other sources and that a denial of discovery would prejudice the movant's preparation for trial.* What showing of unavailability or prejudice the court will require depends upon the particular facts and issues of the case, as well as what is deemed to be basis for classifying the particular item as work product." (Emphasis added.)

This court further stated (p. 576):

"The basic objective of our trial system, then, is the ascertainment of the truth, whether by court or jury, on the basis of those factors legal and factual, best calculated to effect a decision which comports with reality."

The accident occurred January 19, 1963. Several months thereafter the topography of the intersection was changed. Suit was commenced in late December of 1965, and in January of 1966 defendant-appellant retained counsel for defense of the action. In the preparation of the defense, counsel learned that the topography had been changed and the instant proceeding is the result thereof.

On the basis of the record before us, the photographs of the intersection now in possession of plaintiffs' attorney, which depict the topography of the intersection at the time of the accident and prior to the alterations

made by the county highway department, are material and relevant to the issue involved, and it does not appear there was any lack of diligence on the part of defendant-appellant. The information contained in the attorney's work product is unavailable from any other source and denial of discovery would prejudice appellant's preparation for trial and impede the basic objective of our trial system, which is the ascertainment of the truth. The photographs should have been made available through discovery proceedings.

*By the Court.*—Order reversed.

HALLOWS, J. (*dissenting*). The Preferred Risk Mutual Insurance Company was lax in its investigation of this accident. Its policy requires prompt notice of an accident on the part of the insured. Consequently, it had an equal opportunity with the plaintiff to take a photograph of the intersection after the accident. Since it had notice of the accident and is in the business of adjusting claims under its policy on which it may be sued directly, the time when the insurance company hired trial counsel is immaterial on the question of the availability of the evidence. I cannot see how this failure to secure evidence in the preparation of its case is a good cause sufficient to warrant an exception to the attorney's work-product rule. If a party can wait until information is unavailable and then obtain it for free and without effort from his opponent, there is not much left to the protection afforded by the attorney's work-product doctrine, an early adequate preparation for trial is discouraged and hazardous, and the ends of justice are defeated.